## David C. Starrett, Individually and as Receiver, v. Josef Berkovec.

### Gen. No. 11,687.

1. RECEIVER—*when presumed to act as.* Where a person appointed receiver by the court undertakes to act in his official capacity, the court will assume that such person continued so to act until the evidence forces upon it a contrary conviction, and even then the court will not permit such person to abandon his official character at his convenience or interest where that abandonment will work an injustice to the parties, or to either of them.

2. ESTOPPEL—*when doctrine of, will not be enforced.* The courts will not permit their receivers to disobey their orders with regard to the funds and property in the custody of the law and plead that disobedience and a doubtful assent thereto by the party to whom the fund or property belongs, as an excuse for a failure to pay over the same.

Appeal from order decreeing receiver to turn over funds. Appeal from the Circuit Court of Cook County; the Hon. EDWARD O. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed April 18, 1905.

**Statement by the Court.** This is an appeal from an order of the Circuit Court of Cook County directing David C. Starrett, receiver, to pay into the hands of the clerk of said court, within five days, the sum of $285 less $25, which

was thereby allowed to him for his services as receiver; and also ordering said Starrett as receiver to pay to Josef Berkovec, the sum of $82.50, fees of the master in chancery paid by Berkovec, which were by the order taxed as costs, and also directing the clerk to pay said sum of $260 to Berkovec.

On January 27, 1898, Amelie Spring filed her bill against Joseph Berkovec and others to foreclose a trust deed dated February 23, 1892, executed by Berkovec and wife, conveying certain improved property in Chicago. A decree of sale was entered in that proceeding on February 11, 1899, and the premises were sold to the complainant by the master for $2,359.49, which was the total amount due her, including solicitors' fees and costs.

On October 26, 1898, before the sale, appellant Starrett was appointed receiver with the usual powers, to collect the rents of the premises and hold them subject to the order of court. On March 18, 1902, Starrett filed his report as receiver pursuant to order of court, stating that after his appointment he entered into possession of the premises and remained there until May 12, 1900; that upon his informing Berkovec of his appointment, Berkovec stated that he did not wish his tenants to know he was losing the property, and that he would collect the rents and bring the same, together with his own rent to Starrett, and this course was followed; that prior and subsequent to the foreclosure sale Berkovec informed Starrett as agent of Amelie Spring, that he wished to purchase the premises, and Starrett, with the consent of Spring, agreed with Berkovec, that all rents collected during the period of redemption, should be credited upon the purchase price of the certificate of sale, and that upon the payment of the balance due, the certificate would be transferred to Berkovec; that in pursuance of such arrangement the premises were bid in at the sale for the full amount due her, and all rents thereafter collected were collected by Berkovec, and turned over to Starrett as agent for Spring, and by him turned over to her; that Starrett collected $285, and paid out that sum on the agreement to Spring, and that he had further paid for taxes

$110 and claimed $50 for attorney's fees for preparing his report.

On April 17, 1903, the receiver filed an amended report which stated substantially the same facts except that the agreement was that Berkovec might purchase at any time within two years.

Berkovec filed his objections to the receiver's report, in which he denied making any agreement as set out in the report, and claimed that inasmuch as the premises were sold for the full amount due complainant, he was entitled to all the rents collected by the receiver.

By agreement it was ordered that the receiver's report and the objections be referred to a master to take proofs and report his conclusions. The master took the evidence and reported it with his conclusions thereon, to the effect that appellant Starrett in collecting the rents, acted as receiver and not as agent of Spring; that the amount of rent collected by him was $285, and that it belonged to Berkovec, subject to the charges of the receiver, if any, and recommended that the objections to the receiver's report be sustained. To this report, Starrett as receiver, filed objections which were overruled by the master. These objections were ordered by the court to stand as exceptions in the Circuit Court.

On hearing of the receiver's report and objections thereto and the master's report and exceptions thereto, the court entered the order appealed from.

IVES, MASON & WYMAN, for appellant.

JOHN C. WILSON and WILLIAM SLACK, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant contends that Berkovec cannot be heard to say that the court's order has been violated, because such violation was at the request of Berkovec, who is therefore estopped from claiming the money which belongs to him, as the owner of the equity of redemption.

No question is made by appellant as to whom the money belongs. It is conceded that but for the alleged agreement authorizing appellant as agent of Spring to pay over the money to her, appellee is entitled to the money.

It appears very clearly from the record that after appellant was appointed receiver to take possession of the premises and collect the rents, he went to Berkovec for that purpose as receiver and informed him of his appointment and demanded possession of the premises. Appellant had no right or authority to act in any other capacity than as receiver. The proof is that he did act as receiver in the first instance, and, under the circumstances of the case, the court will assume that its receiver continued to act as receiver until the evidence forces upon the court a contrary conviction. Even then the court will not permit its officer to abandon his official character at his convenience or interest where that abandonment will work an injustice to the parties, or either of them.

It requires no argument to show that if appellant is upheld in his contention that, by a technical estoppel, appellee is barred from insisting that appellant acted as receiver when he collected the rents in question, appellee will be deprived wrongfully of the money which belongs to him, as one of the incidental results of the receivership. Courts will not apply the doctrine of estoppel in cases of this character. They will not permit their receivers to disobey their orders with regard to funds and property in the custody of the law and plead that disobedience and a doubtful assent thereto by the party to whom the fund or property belongs, as an excuse. Hooper v. Winston, 24 Ill. 353.

We are of the opinion, upon the facts shown by the record, that appellant Starrett received the money in question as receiver and must be charged with it as receiver.

Finding no error in the record, the order is affirmed.

*Affirmed.*